IN THE COUNTY COURT OF THE
NINTH JUDCIAL CIRCOUT IN AND
FOR ORANGE COUNTY, FLORIDA

Case No.   2014-CC-002347-O

EDDIE L. BANKS,

      Plaintiff,

vs.

CASHCALL, INC., a for-profit
California corporation and DELBERT
SERVICES CORPORATION, a for-profit
Nevada Corporation,

      Defendants.

_____/



# <u>COMPLAINT</u>

Plaintiff, EDDIE L. BANKS, by and through his undersigned counsel, hereby sues

Defendants, CASHCALL, INC. and DELBERT SERVICES CORPORATION, and alleges as

follows:

## JURISDICTION AND VENUE

1.      This is an action for damages in excess of Five-Thousand Dollars ($5,000.00) but

not in excess of Fifteen-Thousand Dollars ($15,000.00), exclusive of attorney fees and costs and

for equitable relief.

2.      Jurisdiction and venue for purposes of this action are appropriate and conferred by

Florida Statutes.

*Eddie L. Banks v. CashCall, Inc., et al.*
Page 2

---

3.     This is an action for monetary, injunctive and other equitable and statutory relief and restitution brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes, Florida's Consumer Finance Act, Chapter 516, Florida Statutes; the Fair Debt Collection Practices Act 15 U.S.C §§ U.S.C. §§1692-1692o; the Florida Consumer Collection Practices Act §§559.55-559.785; and Florida's Interest, Usury and Lending Practices, Chapter 687, Florida Statutes.

4.     All actions material to this Complaint have occurred within four (4) years of the filing of this action.

**THE PARTIES**

5.     Defendant, CASHCALL, is a for-profit California corporation with a principal place of business at 1600 South Douglass Road, Anaheim, California 92806.   CASHCALL is a registered foreign for-profit corporation with the Florida Department of State with a registered agent and address at NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324.   CASHCALL is engaged in the business of offering, making, purchasing, servicing, and collecting on consumer loans.   CASHCALL makes consumer finance loans in Florida and since 2003, has been licensed as a consumer finance company with the Florida Office of Financial Regulation under Chapter 516, Florida Statutes.

6.     Defendant, DELBERT SERVICES CORPORATION, is a Nevada corporation with places of business located at 7125 Pollock Drive, Las Vegas, Nevada 89119 and at 1600

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 3

---

South Douglass Road, Anaheim, California 92806.   Defendant, DELBERT SERVICES

CORPORATION, is a registered foreign for-profit corporation with the Florida Department of

State with a registered agent and address at NRAI Services, Inc., 1200 South Pine Island Road,

Plantation, Florida 33324.   Defendant, DELBERT SERVICES CORPORATION, is currently

registered as a consumer collection agency by the Office of Financial Regulation.   DELBERT

SERVICES CORPORATION is engaged in the business of purchasing, servicing, and collecting

on consumer loans made by Defendant, CASHCALL; and Defendant, DELBERT SERVICES

CORPORATION, currently holds and/or services loans made to Florida borrowers by

CASHCALL and WS Funding through Western Sky.

7.     WS Funding is a for-profit Delaware limited liability company and is a wholly-

owned subsidiary of CASHCALL.   WS Funding has a principal place of business at 1600 South

Douglass Road, Anaheim, California 92806.   WS Funding does not hold any license issued by

the Office of Financial Regulation, State of Florida.

8.     At all times material hereto, Western Sky is a for-profit South Dakota limited

liability company with a principal place of business at 612 E. Street, Timber Lake, South Dakota

57656.   Western Sky does not hold any license issued by the Office of Financial Regulation,

State of Florida.

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 4

## I.  INTRODUCTION

9.      Defendants, CASHCALL and DELBERT SERVICES CORPORATION, and WS Funding, are affiliated companies that make, fund, purchase, service, and collect on illegal loans such as the one made to Plaintiff, EDDIE L. BANKS, as alleged herein, that accrue interest at rates far in excess of those allowed under Florida law.   Defendants seek to evade the State of Florida's usury and consumer protection laws by using as a front an unrelated fourth company, Western Sky.   Western Sky has falsely held itself out as a Tribal entity that purports to be exempt from state laws under the doctrine of Tribal Sovereign Immunity.   In reality, Western Sky is a for-profit South Dakota company owned by an individual who happens to be a member of an American Indian tribe.   Western Sky is not owned or operated by any Indian Tribe or for the benefit of any Tribe; therefore, the doctrine of Tribal Sovereign Immunity does not apply to any loans made to Florida borrowers by Defendants.

10.      Defendant, CASHCALL, is the "de facto" lender of the loan to Plaintiff as more fully alleged below.

11.      Defendant, CASHCALL, itself or through its subsidiaries, creates and distributes advertising materials for the loans; reviews all loan applications for underwriting requirements; funds the loans; assumes all risk of loss on the loans; receives all payments on the loans; services the loans; and indemnifies Western Sky for all costs and any liability associated with the loans.

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 5

12.     Based on these facts, regulators and courts have concluded that "Western Sky is nothing more than a front to enable Defendant, CASHCALL, to evade licensure by state agencies and to exploit Indian Tribal Sovereign Immunity to shield its deceptive business practices from prosecution by state and federal regulators."   In re CASHCALL, Inc., John Paul Reddam, President and CEO of CASHCALL, Inc. and WS Funding, LLC, State of New Hampshire Banking Department, Case No.: 12-308 (June 4, 2013).

13.     Since 2010, at least fourteen states, on relation of the respective State's Attorneys General or through the State's banking or consumer credit regulator, have taken action against Defendants for unlawfully making loans without proper state licensure and in violation of state usury and consumer protection laws.

## II. FACTUAL ALLEGATIONS

14.     On May 1, 2012, Plaintiff executed a document entitled Western Sky Consumer Loan Agreement in the principal amount of $9,925.00 at the interest rate of 89.68% with Western Sky Financial, LLC as the lender.   A copy of the Western Sky Consumer Loan Agreement dated May 1, 2012 is attached hereto and incorporated herein as Exhibit A.

15.     On the loan described in the preceding paragraph, Defendants charged Plaintiff, EDDIE L. BANKS, an annual percentage rate of 89.68% plus a loan origination fee of $75.00 which was added to the loan principal.

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 6

---

16.     By email dated April 2, 2013, Defendants notified Plaintiff that the loan described above was transferred and sold by Western Sky Financial to Defendant, DELBERT SERVICES CORPORATION.

17.     Plaintiff, EDDIE L. BANKS, made payments on the loan described above from May 25, 2012 through December 15, 2013.

**Western Sky Subterfuge**

18.     The arrangement among Defendant CASHCALL, WS Funding, and Western Sky, is a subterfuge used by the Defendants to make illegal loans and usurp state lending laws based on, among other things, the following facts:

(a)     Defendant, CASHCALL, creates all advertising and marketing materials for Western Sky;

(b)     Defendant, CASHCALL, provides website hosting and support services for Western Sky;

(c)     Defendant, CASHCALL, reimburses Western Sky for all costs of maintenance, repair and/or update costs associated with Western Sky's server;

(d)     Defendant, CASHCALL, reimburses Western Sky for its office, personnel, and postage, and provides Western Sky with a toll free telephone and fax number;

(e)     Once a consumer applies for a loan, Defendant, CASHCALL, reviews the application for underwriting requirements;

(f)     Once a loan application is approved, Western Sky executes a promissory note and debits a so-called "Reserve Account" to fund the promissory note;

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 7

(g)     Defendant, CASHCALL, is required to set up, fund, and maintain the balance in this Reserve Account;

(g)     After a loan is funded, Defendant, CASHCALL, is obligated to purchase the promissory note from Western Sky;

(h)     Defendant, CASHCALL, bears all risk of loss on the loans;

(i)     Defendant, CASHCALL, generally makes contact with the consumer within one business day of the consumer filing an application for the loan and once the loan has been made;

(k)     Western Sky accepts no payments from consumers on the loans;

(l)     Defendant, CASHCALL, services the loans;

(m)     Defendant, CASHCALL, is responsible for tracking all consumer complaints regarding the loans;

(n)     Defendant, CASHCALL, has agreed to indemnify Western Sky for all costs arising or resulting from any and all civil, criminal or administrative claims or actions relating to the loans, including but not limited to fines, costs, assessments, and/or penalties which may arise in any jurisdiction;

(o)     As compensation for services provided, Western Sky pays Defendant, CASHCALL, 2.02% of the face value of each approved and executed loan transaction plus any additional charges, with a net minimum payment of $100,000 per month; and

(p)     Defendant, CASHCALL, pays Western Sky 5.145% of the face value of each approved and executed loan credit extension and/or renewal, as well as a minimum monthly administration fee of $10,000.

19.     Although Western Sky allegedly has an office located within the boundaries of the Cheyenne River Sioux Reservation, the Cheyenne River Sioux Tribe has absolutely no

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 8

ownership interest in Western Sky, nor does the Tribe play any role in the operation of Western Sky.

20.     Western Sky is not a Tribal enterprise, or in any sense an entity formed by or controlled by the Cheyenne River Sioux Tribe or its Tribal government; and Western Sky is not an arm of the Tribe.

21.     Instead, Western Sky is a for-profit limited liability company created under South Dakota law.   The sole member of Western Sky is an individual named Martin Webb.   Although Mr. Webb is a member of the Cheyenne River Sioux Tribe, Mr. Webb is not a Tribal official or other representative of the Tribe's government.   Thus, Mr. Webb does not operate Western Sky in any official Tribal capacity.   Further, Western Sky does not operate in any way for the benefit of the Tribe.   Instead, all profits made by Western Sky inure to the benefit of, and are distributed solely to, Mr. Webb.

22.     Notwithstanding Defendants' claims that the loan in question was made under Tribal law, in actuality, Defendants' loan activities are prohibited by the very laws from which Defendants seek to use as a shield.   The laws of the Cheyenne River Sioux Tribe expressly ban usury, and provide that the violation of the Tribe's usury statute is a criminal offense. Specifically, Section 3-4-52 of the Cheyenne River Sioux's Law and Order Code prohibits the charging of interest greater than 18% per annum for loans in excess of $100.00.

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 9

---

23.    The loan by Defendants to Plaintiff exceeds the maximum rate allowed by Tribal

law.

### III.    CLAIMS FOR RELIEF

COUNT I
VIOLATIONS OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES,
CHAPTER 501, PART II, FLORIDA STATUTES

24.    Plaintiff adopts, incorporates herein, and re-alleges paragraphs 1 through 23

above as if fully set forth hereinafter and further alleges:

25.    The Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II,

Florida Statutes, provides that "unfair methods of competition, unconscionable acts or practices,

and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby

declared unlawful."

26.    In the course of offering, arranging, making and collecting on the loan to Plaintiff

as described above, Defendants have engaged in unfair and deceptive acts or practices in trade or

commerce in violation of section 501.204(1), Florida Statutes.

27.    Defendants' unfair and deceptive acts or practices include, but are not limited to,

the following:

   (a)    Engaging in an unfair business enterprise of offering, making, and collecting on
          consumer loans to the Plaintiff and other Florida consumers, when such loans are
          in gross violation of the usury laws of this State and violate the public policy of
          this State;

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 10

---

    (b)    Continuing to offer, make, and collect on consumer loans in willful violation of Florida law, despite being advised by the State that such loans are in violation of Florida law;

    (c)    Making and collecting on the loan to Plaintiff at oppressive and unfair rates, and making such loans without accounting for the Plaintiff's ability to repay;

    (d)    Attempting to circumvent Florida lending and consumer protection laws by deceptively asserting that such loans are made by an Indian tribe and are not subject to Florida lending laws, despite the fact that neither Western Sky nor Defendants are a tribal enterprise, and cannot claim tribal sovereignty for their lending and collections activities; and

    (e)    Deceptively asserting that such loans are made pursuant to the tribal law of the Cheyenne River Sioux Tribe, when such loans are prohibited by the Tribe's criminal usury law.

28.    Thus, Defendants have engaged in and are engaging in unfair or deceptive or unconscionable acts or practices in the conduct of any trade or commerce in violation of section 501.204(1), Florida Statutes.

29.    Defendants willfully engaged in the acts and practices alleged herein.

30.    These above-described acts and practices of the Defendants have injured and will likely continue to injure and prejudice the Plaintiff.

31.    Unless the Defendants are temporarily and permanently enjoined from engaging further in the acts and practices complained of herein, the Defendants' actions will result in irreparable injury to Plaintiff and other members of the public for which there is no adequate remedy at law.

*Eddie L. Banks v. CashCall, Inc., et al.*
Page 11

---

## COUNT II
### VIOLATIONS OF THE FLORIDA CONSUMER FINANCE ACT:
### EXCESSIVE INTEREST RATES
### CHAPTER 516, FLORIDA STATUTES

32.     Plaintiff adopts, incorporates herein, and re-alleges paragraphs 1 through 23

above as if fully set forth hereinafter and further alleges:

33.     The Florida Consumer Finance Act, section 516.02, Florida Statutes, requires a

license by the Office of Financial Regulation and provides in pertinent part:

> (1)   A person must not engage in the business of making consumer finance
> loans unless she or he is authorized to do so under this chapter or other
> statutes and unless the person first obtains a license from the office.

> (2)(a)   A person who is engaged in the business of making loans of money,
> except as authorized by this chapter or other statutes of this state, may not
> directly or indirectly charge, contract for, or receive any interest or
> consideration greater than 18 percent per annum upon the loan, use, or
> forbearance of money, goods, or choses in action, or upon the loan or use of
> credit, of the amount or value of $25,000 or less.

> (c)   A loan for which a greater rate of interest or charge than is allowed by
> this chapter has been contracted for or received, wherever made, is not
> enforceable in this state, and each person who in any manner participates
> therein in this state is subject to this chapter. However, this paragraph does
> not apply to loans legally made to a resident of another state by a person
> within that state if that state has in effect a regulatory small loan or
> consumer finance law similar in principle to this chapter.

34.     The Florida Consumer Finance Act, section 516.031, Florida Statutes, limits

interest charged, contracted for, or received by licensees, and provides:

*Eddie L. Banks v. CashCall, Inc., et al.*
Page 12

---

(1)  INTEREST RATES.- Every licensee may lend any sum of money not exceeding $25,000.  A licensee may not take a security interest secured by land on any loan les s than $1,000.  The licensee may charge, contract for, and receive thereon interest charges as provided and authorized by this section.  The maximum interest rate shall be 30 percent per annum, computed on the first $2,000 of the principal amount as computed from time to time; 24 percent per annum on that part of the principal amount as computed from time to time exceeding $2,000 and not exceeding $3,000; and 18 percent per annum on that part of the principal amount as computed from time to time exceeding $3,000 and not exceeding $25,000.

35.    Western Sky, WS Funding, and Defendants, CASHCALL and DELBERT

SERVICES CORPORATION, have engaged in the business of making loans of money, and

directly or indirectly, charged, contracted for, or received interest greater than 18 percent per

annum in violation of section 516.02(2)(a), Florida Statutes.

36.    Defendant, DELBERT SERVICES CORPORATION, is not licensed as consumer

finance lenders by the Office of Financial Regulation and have never been so licensed.

37.    Defendant, CASHCALL, has engaged in the business of making loans of money,

and directly or indirectly, charged, contracted for, or received interest greater than the statutory

maximum rates in violation of section 516.031(1), Florida Statutes.

38.    Pursuant to section 516.02(c), Florida Statutes, "a loan for which a greater rate of

interest or charge than is allowed by this chapter has been contracted for or received, wherever

made, is not enforceable in this state, and each person who in any manner participates therein in

this state is subject to this chapter."

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 13

39.     Pursuant to section 516.19, Florida Statutes, "Any person who violates any of the provisions of s. 516.02, s. 516.031, commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083."

40.     Defendants' loan to Plaintiff is therefore unenforceable pursuant to section 516.02 (c), Florida Statutes, because the following contractual activities, among others, undisputedly occur in Florida:

    (a)     Defendants have solicited Plaintiff and other Florida resident borrowers through the internet, television advertisements, and other means which have targeted and reached Florida borrowers in their homes;

    (b)     Defendants transmitted the loan documents to Plaintiff and others via the Internet to borrowers while the borrowers were located in Florida;

    (c)     Plaintiff and other Florida resident borrowers were requested by Defendants to electronically sign the loan documents at their computers, and such computers were located in borrowers' homes or elsewhere in Florida;

    (d)     Defendants have disbursed loan funds to Florida borrowers to Plaintiff and other borrowers' banks and bank accounts located in Florida; and

41.     Further, section 516.07(1), Florida Statutes, prohibits deceptive acts or practices both in connection with a loan or unreasonable collection practices in connection with a loan under Chapter 516, Florida Statutes.

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 14

42.     Defendants willfully engaged in the acts and practices alleged herein.

43.     These above-described acts and practices of the Defendants have injured and will

likely continue to injure and prejudice the Plaintiff and other members of the public.


COUNT III
VIOLATIONS OF FLORIDA INTEREST, USURY AND LENDING PRACTICES
CHAPTER 687, FLORIDA STATUTES

44.     Plaintiff adopts, incorporates herein, and re-alleges paragraphs 1 through 23

above as if fully set forth hereinafter and further alleges:

45.     Defendants made a loan of money to Plaintiff and willfully and knowingly

charged, took, or received interest grossly exceeding the rates and charges permitted by Florida

usury law in violation of sections 687.03(1), 687.07 1(2) and 687.071 (3), Florida Statutes.

46.     The interest and usury laws of Florida provide that the maximum interest rate

that may be charged on loans is 18% per annum simple interest. Section 687.03(1), Florida

Statutes, provides:

> (1)  Except as provided herein, it shall be usury and unlawful for any
> person, or for any agent, officer, or other representative of any person, to
> reserve, charge, or take for any loan, advance of money, line of credit,
> forbearance to enforce the collection of any sum of money, or other
> obligation a rate of interest greater than the equivalent of 18 percent per
> annum simple interest, either directly or indirectly, by way of commission
> for advances, discounts, or exchange, or by any contract, contrivance, or
> device whatever whereby the debtor is required or obligated to pay a sum of

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 15

money greater than the actual principal sum received, together with interest
at the rate of the equivalent of 18 percent per annum simple interest.

47.     Section 687.071, Florida Statutes, further identifies and prohibits criminal usury

rates, and provides in pertinent part:

(2)   Unless otherwise specifically allowed by law, any person making an
extension of credit to any person, who shall willfully and knowingly charge,
take, or receive interest thereon at a rate exceeding 25 percent per annum
but not in excess of 45 percent per annum, or the equivalent rate for a
longer or shorter period of time, whether directly or indirectly, or conspires
so to do, commits a misdemeanor of the second degree, punishable as
provided ins. 775.082 or s. 775.083.

(3)   Unless otherwise specifically allowed by law, any person making an
extension of credit to any person, who shall willfully and knowingly charge,
take, or receive interest thereon at a rate exceeding 45 percent per annum or
the equivalent rate for a longer or shorter period of time, whether directly or
indirectly or conspire so to do, commits a felony of the third degree,
punishable as provided ins. 775.082, s. 775.083 , or s. 775.084.

(4)   Any person who shall knowingly and willfully make an extortionate
extension of credit to any person or conspire so to do commits a felony of
the second degree, punishable as provided ins. 775.082, s. 775 .083 , or s.
775.084. In any prosecution under this subsection, evidence that the creditor
then had a reputation in the debtor's community for the use or threat of use
of violence or other criminal means to cause harm to the person, reputation,
or property of any person to collect extensions of credit or to punish the
nonrepayment thereof shall be admissible.

48.     Section 687.04, Florida Statutes, provides the penalty for usury in violation of

section 687.03, Florida Statutes:

Any person, or any agent, officer, or other representative of any person,
willfully violating the provisions of s. 687.03 shall forfeit the entire interest

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 16

———————————————————

so charged, or contracted to be charged or reserved, and only the actual
principal sum of such usurious contract can be enforced in any court in this
state, either at law or in equity; and when said usurious interest is taken or
reserved, or has been paid, then and in that event the person who has taken
or reserved, or has been paid, either directly or indirectly, such usurious
interest shall forfeit to the party from whom such usurious interest has been
reserved, taken, or exacted in any way double the amount of interest so
reserved, taken, or exacted.

49.     Section 687.071(7), Florida Statutes, provides the penalty for criminal usury in

violation of section 687.071, Florida Statutes:

(7)  No extension of credit made in violation of any of the provisions of
this section shall be an enforceable debt in the courts of this state.

50.     Defendants willfully and knowingly engaged in the acts and practices alleged

herein.

51.     These above-described acts and practices of the Defendants have injured and will

continue to injure the Plaintiff and other members of the public.

COUNT IV
VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTCES ACT
CHAPTER 559, FLORIDA STATUTES

52.     Plaintiff adopts, incorporates herein, and re-alleges paragraphs 1 through 51

above as if fully set forth hereinafter and further alleges:

53.     Plaintiff, EDDIE L. BANKS, is a natural person and is also is a

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 17

---

"consumer" as that term is defined by Fla. Stat. § 559.

54.    Plaintiff is a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

55.    Plaintiff is alleged to have incurred a financial obligation to the Defendants or the Defendants or the Defendants predecessors, for primarily personal, family, or household purposes, which is, therefore, a "debt" as that term is defined by Fla. Stat. § 559.55(1).

56.    Each Defendant is a "debt collector" as that term is defined by Fla. Stat. § 559.55(6).

57.    The tactics employed by Defendants have caused Plaintiff considerable worry, embarrassment, frustration, anger, distress, and concern that this organization would go to this extent to collect a debt.

58.    The emotional distress has strained Plaintiff relationships with family and friends.

59.    Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this Complaint.

60.    All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

61.    The statements in the correspondence from Defendants to Plaintiff were false, misleading and deceptive and constituted a "communication" as that term is defined by Fla. Stat. § 559.55(5).

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 18

---

62.   Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

63.   Each Defendant is a "person" as defined in §1.01(3), Fla. Stat.

70.   Fla. Stat. §559.72(18) provides:

In collecting consumer debts, no person shall:

>   (9)   Claim, attempt, or threaten to enforce a debt when such person knows
>   that the debt is not legitimate, or assert the existence of some other legal right
>   when such person knows that the right does not exist.

71.   Defendants have violated Fla. Stat. §559.72(9) by willfully claiming, attempting,

and threatening to enforce the May 1, 2012 loan agreement when Defendants knew that the debt

is not legitimate, and asserted the existence of some other legal right when Defendants knew that

the right did not exist.

72.   Defendants have knowledge and control of the collection activities of its

agents and representatives, including but not limited to supervisors, managers, affiliates,

subsidiaries, divisions, employees,    servants, partners, agents, vendors, assignees,

transferees, collectors and/or contractors, for the alleged debt that is the subject of this

lawsuit.

73.   The tactics employed by Defendants have caused Plaintiff considerable

worry, embarrassment, frustration, anger, distress, and concern that this organization

would go to this extent to collect a debt.

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 19

_____

74.    All conditions precedent to the filing of this action have occurred, been fulfilled

or waived.

75.    Defendants' acts as described above were done intentionally with the purpose of

purpose of coercing Plaintiff to pay the alleged debt.

76.    As a result of the above violations of the Florida Consumer Collection Practices

Practices Act, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and

relief and actual damages, statutory damages, and attorneys' fees and costs.

77.    Defendants' actions have directly and proximately resulted in Plaintiff's prior and

continuous sustaining of damages as described by Fla. Stat. §559.77.

78.    Plaintiff is entitled to damages under Fla. Stat. §559.77 against each of the

Defendants.

COUNT V
VIOLATIONS OF FAIR DEBT COLLECTION PRACTCES ACT

79.    Plaintiff repeats and realleges the allegations in paragraphs 1 through 51 hereof.

80.    The communications from the Defendants, CASHCALL and DELBERT

SERVICES CORPORATION, to Plaintiff were in violation of Section 808 of the FDCPA, 15

U.S.C. §1692f(1) which provides:

§ 808. Unfair practices

A debt collector may not use unfair or unconscionable means to collect or
attempt to collect any debt. Without limiting the general application of the
foregoing, the following conduct is a violation of this section:

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 20

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

81.     The communications from the Defendants, CASHCALL and DELBERT

SERVICES CORPORATION, to Plaintiff were in violation of Section 807 of the

U.S.C. §1692e(1) which provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*               *               *               *

(2) The false representation of—

(A ) the character, amount, or **legal status of any debt**; (emphasis supplied).


82.     Defendants, CASHCALL and DELBERT SERVICES CORPORATION

ASSOCIATES, INC., has violated the FDCPA by attempting to collect a debt within the

State of Florida without being registered as is required by law.


WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendants for the following:

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 21

A.    Declaratory judgment that Defendant's conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

B.    Temporary and permanent injunctive relief prohibiting Defendants and their owners, directors, officers, agents, employees, subsidiaries, and affiliates, and those persons in active concert or participation with those who receive actual notice of the Court's Orders, from engaging in any activity within the State of Florida, collecting on the loan to the Plaintiff, EDDIE L. BANKS that violate the lending and consumer protection laws of this State;

C.    That the usurious loan made to Plaintiff, EDDIE L. BANKS, in violation of the Florida Consumer Finance Act, and which was held or serviced by any of the Defendants, be declared void pursuant to sections 516.02 and 687.071 (7), Florida Statutes, and all money collected by Defendants pursuant to such unlawful loans be refunded, including principal, interest, or other charges;

D.    That all loans made or collected on by Defendants at rates in excess of the interest rates allowed by sections 516.02(2)( a) or 687.02, Florida Statutes, and which are held or serviced by any of the Defendants, be declared usurious and Defendants be ordered to forfeit all interest and pursuant to section 687.04, Florida Statutes, ordered to refund two times the interest collected from Plaintiff;

E.    That the loan made to Plaintiff and collected on by Defendants in violation of section 501.204(1), be cancelled pursuant to sections 501.207, Florida Statutes, and that Defendants be ordered to refund all money collected from such loans;

G.    That Defendants be ordered to notify all credit reporting agencies to which they have reported that all Western Sky loans made to Plaintiff, EDDIE L. BANKS, are invalid, and that all reports or scores that reflect such loans should be corrected;

H.    Reasonable attorney's fees and costs awarded to the Plaintiff pursuant to sections 501.2105 and 501.2075 , Florida Statutes; and

*Eddie L. Banks v. CashCall,Inc., et al.*
Page 22

_____

I.      Such other and further relief as may be just and equitable.


DATED this 19 February 2014.

                              */s/ N. James Turner*
                              _____
                              N. James Turner, Esq.
                              Counsel for Plaintiff
                              Florida Bar No. 0203041
                              37 N. Orange Avenue
                              Suite 500
                              Orlando, FL 32801
                              (888) 877-5103
                              Email address:   njtlaw@gmail.com